IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

R W GODFREY                                                                                   PLAINTIFF

v.                                              Civil No. 1:18-cv-01015

DOUG WOOD, Ouachita County
Detention Center (OCDC); CAMERON
OWENS, Administrator OCDC                                                          DEFENDANTS

## **ORDER**

Plaintiff R W Godfrey filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on January 30, 2018. (ECF No. 1). On February 21, 2018, Plaintiff filed an Amended Complaint. (ECF No. 7). Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 30). Plaintiff has not responded to the motion and the time to do so has passed. The Court finds this matter ripe for consideration.

On August 3, 2018, the Court granted Defendants' Motion to Compel directing Plaintiff to provide Defendants with discovery responses by Monday, August 20, 2018. (ECF No. 29). In this order Plaintiff was advised that failure to comply with the order would result in the dismissal of this case. Counsel for Defendants represents that Plaintiff has not provided responses to the discovery requests. (ECF No. 30).

On August 24, 2018, the Court entered an order directing Plaintiff to respond to Defendants' Motion to Dismiss by September 14, 2018. (ECF No. 32). Plaintiff was again advised that failure to timely and properly comply with the order would result in the dismissal of this action. To date, Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that district court possesses power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 30) should be and is hereby **GRANTED**. Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 25th day of October, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge